IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NOREELDEEN ABDULKARIM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00762 |
| NATHAN CATE, et al., | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Noreeldeen Abdulkarim, a pretrial detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the Court for ruling on the IFP application and for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the

greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

II.     **Initial Review of the Complaint**

   A.     **PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

2

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

  **C.** **Allegations and Claims**

  Plaintiff's complaint (Doc. No. 1) and his "Notice Pleading, Fed. R. Civ. P. 8(a)" (Doc. No. 4), which the Court construes as a supplement to the complaint, are difficult to decipher but appear to raise claims grounded in due process and the tort of malicious prosecution, based on his initial arrest on July 24, 2017, for "rape, force or coercion"; the dismissal of this initial charge on August 3, 2017; and Plaintiff's second arrest, on October 31, 2017, for "aggravated rape, bodily injury." Plaintiff appears to claim that the case against him was manufactured, in that after the dismissal of the first, unindicted rape charge against him, he was charged with a new, slightly different offense for which an indictment was obtained, but the new charge was founded on the same underlying criminal complaint that had failed to sustain the original charge. (Doc. No. 1 at 12 (alleging that lack of a preliminary hearing on initial charge "enabled the D.A. to fabricate the indictment, which reflects the same, incident # complaint no., by merely changing the name of the arrest charge and using names of witness").) He therefore claims that the criminal court lacks jurisdiction over him, and thus that he has been illegally confined since his July 24, 2017 arrest. (Doc. No. 1 at 5, 8–9, 12; Doc. No. 4 at 1–2.)

  Plaintiff sues Nathan Cate and Nickolas McGregor, his current and former criminal defense attorneys; Marcus Floyd and Stephen Harris, the assistant district attorneys who prosecuted him; Judge Steve Dozier; and Woodrow Ledford III, a police detective who is listed as a witness on the grand jury return. (Doc. No. 1 at 1–2, 8–9, 11.) As relief, Plaintiff seeks his release from custody and an award of compensatory and punitive damages. (*Id.* at 6, 10.)

### D. Analysis

Plaintiff's complaint fails to state a claim upon which relief may be granted. It must first be noted that criminal proceedings against Plaintiff are alleged to be ongoing. Therefore, to the extent that his allegations could be viewed as inviting this Court's intervention in those proceedings, the Court would generally be required to abstain from such intervention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); *see also Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) ("*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity.").

Moreover, Plaintiff's request to be released from confinement is not cognizable in this action under Section 1983. It is well established that habeas corpus provides the exclusive remedy for prisoners attempting to mount a challenge to their confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Accordingly, an attack on the validity or duration of confinement under Section 1983 must be dismissed even though such a claim may come within the literal terms of that statute. *Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973).

Plaintiff also fails to state a viable claim for damages under Section 1983. The Sixth Circuit recognizes—and Plaintiff's claim for damages appears to present—a "claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). This claim "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Id.* However, such a claim of malicious prosecution can only be maintained against the appropriate officials upon a showing that the criminal proceeding was resolved in the plaintiff's favor. *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). Because

Plaintiff's criminal prosecution is ongoing, his malicious prosecution claim under Section 1983 is not yet cognizable.

Plaintiff does not otherwise sue any proper defendant. To the extent that Plaintiff's allegations might be construed as raising a claim of false arrest or imprisonment under Section 1983, the only proper defendant would be the arresting officer. *Robertson*, 753 F.3d at 618. Detective Ledford is not alleged to have been Plaintiff's arresting officer or to have taken any action that violated Plaintiff's constitutional rights, but only to have been listed as a witness before the grand jury. To the extent that Plaintiff claims the violation of any federal right by his current and former defense counsel, Defendants Cate and McGregor, such individuals are not state actors for purposes of Section 1983 while acting in their capacity as counsel. *White v. Robertson-Deming*, 9 F. App'x 418, 419 (6th Cir. 2001).

The two prosecutors (Defendants Floyd and Harris) and the presiding judge (Defendant Dozier), while state actors, are entitled to immunity from suit. It is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Plaintiff does not allege that these Defendants acted outside the scope of their official duties in proceeding against him. At best, he alleges that they performed their judicial and prosecutorial functions in a biased or wrongful way. However, the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these

officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554.

## III. Conclusion

For the reasons given above, Plaintiff's application to proceed IFP (Doc. No. 2) is **GRANTED**, and the complaint is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Order constitutes the final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE